LYNCH *v.* FIRST NAT. BANK OF JERSEY CITY.

(*Circuit Court, New York County.* October 29, 1888.)

1. NEGOTIABLE INSTRUMENTS—CHECKS—ASSIGNMENT OF FUND.
    Evidence that the drawer of a check payable to his own order gave it, without
    indorsement, to plaintiff, asserting that it was good, that it was certified, that the
    money was in the bank, and that all plaintiff had to do was to take the check and go
    and get the money, does not show an assignment of the fund represented by the
    check.[1]

2. SAME—NOTICE—ACTION BY ASSIGNEE.
    Assuming that the transaction amounted to an assignment, still defendant can-
    not be held liable to plaintiff, as assignee, on a mere production of the check and
    demand for payment, without any notice of the assignment.

Defendant, the First National Bank of Jersey City, had among its deposit-
ors one F. F. Wilder, who on June 1, 1883, drew his check, dated on that
day, to his own order, for $500; and, at his request, the bank certified it on
the same day, making it payable at the American Exchange National Bank,
New York. Wilder bought a diamond from the plaintiff, Theresa Lynch,
giving her in payment therefor this check, but without indorsing it. Shortly
afterwards the check was presented by plaintiff's son at the American Ex-
change National Bank, in New York, for payment, which was refused. It
does not appear, however, that anything was then said to that bank in rela-
tion to the ownership of the check, or that plaintiff claimed to be entitled to
it as owner or otherwise. Afterwards the check reached defendant through
the clearing-house, and its payment was again refused; whereupon this ac-
tion was brought on the check. There was a verdict and judgment for plain-
tiff, and defendant appealed to the general term of the supreme court, where
the judgment was affirmed, (36 Hun, 644,) and defendant appealed to the
court of appeals, which reversed the judgment; holding that plaintiff could
not recover in an action on the check, as it was not indorsed by the payee, and
ordered a new trial. 13 N. E. Rep. 775. The present is a motion to dismiss
the amended complaint, made at the new trial.

*Abram Kling,* for plaintiff. *Marsh, Wilson & Wallis,* for defendant.

LAWRENCE, J    The court of appeals held that this action could not be sus-
tained as an action upon the check, because proof could not be made that all

---

[1] A holder of a bank-check has no right of action on the check against the bank, al-
though there are funds of the drawer in the bank sufficient to pay the check, unless the
bank has accepted the check in the hands of the holder. Bank v. Shoemaker, (Pa.) 11
Atl. Rep. 304. No suit in equity can be maintained upon the mere possession and pro-
duction of the check by the payee; there must be some equitable circumstance, as the
insolvency of the drawer, and the like. Schuler v. Bank, 27 Fed. Rep. 424, and note.

the conditions upon which the authority of the bank to pay the check was made to depend, had been performed; one of the conditions being that the check should be indorsed by the drawer. 13 N. E. Rep. 775. After this decision, the plaintiff was allowed to amend her complaint, so as to change the cause of action, by alleging that the fund in the bank represented by the check had been assigned to her. The additional proof offered upon the new trial does not amount to an assignment. It amounts to an assertion on the part of Wilder that the check was good; that it was certified; that the money was in the bank; and that all the plaintiff had to do was to take the check, and go and get the money. In other words, the plaintiff was to get the money on the check as such; not because it operated, or was intended to operate, as an assignment of the fund. No words importing an assignment are stated by Lynch, the witness, to have been used when the sale was made, and there is nothing in the transaction which enables me to bring the case within the principle of *Risley* v. *Bank*, 83 N. Y. 318. Again, even if the language used by Wilder can be construed as an assignment, the bank should not be held liable to the plaintiff as assignee upon a mere production to it of the check, and a demand for the money, without some notice of the assignment. For these reasons the complaint must be dismissed, with costs.